IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JUDY M. LEONARD,

    Plaintiff,

v.                                                              CASE NO. 1:03-cv-00003-MP-AK

ALBERTO GONZALES,
ATTORNEY GENERAL ,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

        This matter is before the Court on Defendant's Motion for Summary Judgment. Docs. 27 & 31. The motion was originally filed as a Rule 12(b)(6) motion to dismiss, but because matters outside the pleadings were presented and not excluded by the Court, the Court converted the motion into a Rule 56 motion for summary judgment and entered the requisite *Brown* / *Griffith* order advising Plaintiff of her responsibilities. Doc. 32. She did not respond to the motion for summary judgment, and thus, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that Defendant's motion for summary judgment be granted and this cause be dismissed with prejudice.

## **BACKGROUND**

        The plaintiff, Judy Leonard, was employed by the Bureau of Prisons at FCC Coleman, Florida, as an Inmate Systems Officer at all pertinent times. Doc. 29, Ex.1. According to Plaintiff's EEOC complaint, received on April 11, 1997, she was pressured to sign the false accusations and was given "minimally satisfactory" job performance ratings that were undeserved. Doc. 29, Ex. 1. Plaintiff also claimed she was assigned new work locations and

odd shifts, she was not permitted to rotate to the medium security part of the prison, she was supervised by persons not her senior, she was denied transfer and vacation requests, and she was referred to as a "blond bimbo" by the Associate Warden. *Id.* Plaintiff further maintained that this treatment was unfair and directed at her because she is a strong-willed woman. *Id.* As relief, Plaintiff requested a transfer to Butner, North Carolina. *Id.*

On January 30, 1998, EEOC Investigator Sherian Fabo was appointed to investigate Plaintiff's complaint of discrimination, and Plaintiff was sent a letter informing her of the issues identified in her complaint. Doc. 29, Ex. 2 & 3. Plaintiff met with an EEO counselor, who found that plaintiff felt she was being discriminated against after being given a bad performance evaluation, and plaintiff was given a notice of right to file a discrimination complaint on April 4, 1997. Doc. 29, Ex. 4.

An EEOC administrative hearing was held on February 13, 2001 before the administrative law judge. Doc. 29, Ex. 5. On March 23, 2001, the ALJ issued his findings, concluding that Plaintiff "was not discriminated against based on her sex or as an act of reprisal in violation of Title VII with regard to any of the allegations raised." *Id.* at 25-26. At that time, he also found that the only timely discrimination issues were the "minimally satisfactory" job performance ratings from the February, 1997, incident and the assignment to a new job location. *Id.* at 13. The ALJ further concluded that the job performance ratings and pressure to sign the accusations were not harassment, and that there was no evidence of suffering or reprisal due to the job assignment. *Id.* at 16-25.

On May 4, 2001, the Department of Justice issued a Final Order accepting the ALJ's decision

> that [Plaintiff] was not subjected to a hostile work environment, discriminated against because of her sex, or retaliated against when she was pressured to sign two "minimally successful" performance log entries in February 1997, was assigned to work in new work locations, was supervised by employees with less seniority than she, was assigned odd shifts, was denied three choices for vacation leave, was subjected to inappropriate comments in front of inmates, was told that the Associate Warden had referred to her as a "blond bimbo," and was denied equal time in the receiving and discharge (R&D) area.

Doc. 29, Ex. 6. The Memorandum in Support of the Final Order noted that a continuing violation appeared to exist and discussed the merits of all of Plaintiff's claims. The memorandum concluded that Plaintiff was not discriminated against based on her sex because of her rotation assignments, supervision by lower-graded staff, shift assignments, denial of vacation time, performance ratings, and pressure to sign the accusations. Doc. 29, Ex.7 at 9-12. The memorandum stated that there was no objective evidence that Plaintiff was subjected to a hostile or abusive workplace because of her sex. *Id*. at 12.

Plaintiff appealed the Final Order on May 30, 2001. Doc. 29, Ex. 8. The EEOC issued a decision affirming the final agency order "because the Administrative Judge's ultimate finding, that unlawful employment discrimination was not proven by a preponderance of the evidence, is supported by the record." Doc. 29, Ex. 9.

Plaintiff requested reconsideration only on the "blonde bimbo" issue. Doc. 29, Ex. 10. In her estimation, because "the Associate Warden referred to her as a 'blonde bimbo' she became the 'butt of much harassment from supervisors, coworkers, and inmates' which result[ed] in a hostile work environment. *Id*. at 2. The EEOC denied reconsideration on September 18, 2002, and plainly advised Plaintiff that she must file any civil action in federal

court "**within ninety (90) calendar days** from the date that you receive this decision." *Id*. (emphasis in original). The Certificate of Mailing states: "For timeliness purposes, the [EEOC] will presume that this decision was received within five (5) calendar days after it was mailed." *Id*. at 4. The certified date of mailing was September 18, 2002. *Id*. Plaintiff's copy of the request denial is marked, presumably by Plaintiff, "Recd 9/23/02." Doc. 29, Ex. 12.

Plaintiff filed the instant complaint in this Court on January 7, 2003, which is 106 days after receiving the denial of reconsideration. Doc. 1.

As previously noted, Defendant made a motion to dismiss Plaintiff's complaint, which the Court converted into a motion for summary judgement as required by Fed. R. Civ. P. 12(b)(6). Although Plaintiff was carefully advised of her responsibilities with regard to responding to this motion, she has remained silent.

## DISCUSSION

A plaintiff must file a Title VII suit in federal court "[w]ithin 90 days of receipt of notice of final action taken...by the Equal Employment Opportunity Commission upon an appeal from a decision or order of [a federal] department, agency, or unit on a complaint of discrimination based on...sex...." 42 U.S.C. § 2000e-16(c). This period may be equitably tolled when the defendant conceals an act supporting the Title VII cause of action and when the defendant misleads the employee regarding the nature of her Title VII rights. *Washington v. Ball*, 890 F.2d 413, 414-15 (11th Cir. 1989).

As previously noted, Plaintiff filed this action approximately 16 days out of time, and there is nothing in the record to suggest that equitable tolling applies. On the contrary, Plaintiff was clearly advised of her rights with regard to the deadline for filing suit in this Court.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, Docs. 27 & 31, be **GRANTED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, this _**2nd**_ day of June, 2006.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**